IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:12cr3072 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| vs. | ) | MOTION TO SUPPRESS SEARCH |
| | ) | |
| BRANDON DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 19, 2012 a search warrant was issued by the County Court of Lancaster County authorizing law enforcement to search Davis' residence at 2841 P St, Apt. #1, Lincoln, NE.  An affidavit and application for the warrant was submitted by Jeff Sorenson of the Lincoln Police Department on May 18, 2012.  The warrant was executed on May 19, 2012. During execution of the warrant, law enforcement found cocaine, money and venue items in the residence.  Davis and his brother, Lafayette Dorsey were both arrested and transported to Lincoln Police Headquarters.  Davis declined requests to make a statement at the time.

The affidavit and application in this case sets forth the following information as support for a determination of probable cause:

(1)     The affiant received information in November of 2011 from a concerned citizen that the residents of 2841 P St #1 were involved in narcotics activity.  This is based on reported "short term traffic" in the evening and early morning hours on the weekend.

(2)     The affiant saw both Dorsey and Davis coming and going from 2841 P St #1 "over the last couple months" on several occasions.

(3)     Dorsey and Davis have been reported to be involved in the use and sale of powder cocaine.

(4)     The affiant received information from the Captain of the Lincoln Police Department Narcotics unit that he had received a report from a concerned citizen reporting short term

traffic and noise disturbances nearly every night, especially on the weekends between 0200-0430 hours.  The citizen also reported being "in the building" and smelling marijuana. (There is no date listed as to when the report was made.)

(5)     On October 16, 2011 an officer was called to 2841 P St #1 where said officer smelled the odor of marijuana when Davis told the officer there was a party and some individuals had been smoking marijuana.

(6)     CI #1 claims to have observed individuals purchasing cocaine from Dorsey and Davis some time between July and November of 2011.

(7)     CI #2 claims to have sold Davis cocaine from "summer 2011 to November 2011".

(8)     A search of Lincoln Police Department records show officers dispatched to 2841 P St indicating a complaint of in and out traffic from Lafayette Dorsey's.  (There is no date listed for this call.)

(9)     A dispatched call for service record on 4-1-12 on 2841 P St where there was a complaint regarding a lot of vehicles being in the area picking up drugs and being very loud.

(10)    Surveillance of 2841 P st on May 18, 2012 where Daniel Kaar was observed arriving at the residence and leaving 8 minutes later.  Kaar was stopped by Lincoln police and was found to be in possession of a 2 inch by 2 inch bag containing cocaine.  Kaar did not tell police that he obtained this cocaine from Davis or Dorsey.

(11)    On May 18, 2012 five other individuals were observed arriving and staying for a short period of time.

(12)    Records indicate Davis had a citation and a juvenile court case involving possession of marijuana in 1999,  a citation for marijuana possession and paraphernalia in 2004, a citation for possession of cocaine on March 24, 2005, a conviction for attempted possession of a controlled substance in 2007, and a conviction for possession of a controlled substance in

2009.

(13)    Records indicate Dorsey had a conviction for attempted possession of a controlled substance on June 5, 2007, and a citation for possession of marijuana and drug paraphernalia on December 22, 2010 which he entered pleas of guilty to on January 26, 2011.

As this Court is aware, probable cause exists if there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Nation*, 243 F.3d 467, 469 (8th Cir.2001).  Probable cause is to be determined on a totality-of-the-circumstances basis.  *Illinois v. Gates*, 462 US 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) Davis submits that the affidavit and application failed to provide a sufficient basis for the existence of probable cause.  Most notably the information in the application and affidavit was stale and there was insufficient corroboration of information provided by the two alleged confidential informants.

**(A)    Staleness**

 "A warrant becomes stale if the information supporting is not sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search." *United States v. Brewer*, 588 F.3d 1165, 1173 (8th Cir.2009) (internal quotations omitted). "There is no bright-line test for determining when information is stale ... time factors must be examined in the context of a specific case and the nature of the crime under investigation." *United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir.2007).

In the instant case the warrant itself was served within 24 hours of issuance.  Thus, Davis is not arguing that the warrant itself became stale due to delay in service of the warrant. However, Davis does submit that the majority of the  information submitted by the affiant in

3

support of the warrant was stale.  As listed above, there were thirteen factual allegations used to support the application for the warrant.  The majority of these allegations involve facts occurring prior to November of 2011- six months prior to the application for and issuance of the search warrant.

Specifically, the affiant included information from two confidential sources of alleged drug distribution occurring no later than November of 2011.  There are no quantities listed nor is there any information from these sources that drug transaction where ongoing after November of 2011.  Further, in November of 2011 there was a complaint of reported short-term traffic from the residence and in October of 2011 an officer arrived to break up a party and noticed the odor of marijuana from the apartment.  No mention is made of whether any searches were conducted, arrests made or contraband recovered by law enforcement as a result of the October 2011 contact.

"It is axiomatic by now that under the fourth amendment the probable cause upon which a valid search warrant must be based must exist at the time at which the warrant was issued, not at some earlier time." *United States v. Button*, 653 F.2d 319, 324 (8th Cir. 1981) citing *United States v. Steeves*, 525 F.2d 33, 37 (8th Cir. 1975).  "[D]elay in seeking and obtaining a search warrant may invalidate it. While the lapse of time involved is an important consideration and may in some cases be controlling, it is not necessarily so. There are other factors to be considered, including the nature of the criminal activity involved, and the kind of property for which authority to search is sought. Obviously, a highly incriminating or consumable item of personal property is less likely to remain in one place as long as an item of property which is not consumable or which is innocuous in itself or not particularly incriminating." *United States v. Steeves*, 525 F.2d 33, 38 (8th Cir. 1975)(citations omitted)

In a recent case from the District of Nebraska, the Eighth Circuit Court of Appeals

4

found the information in the warrant application was not too stale to support a finding of probable cause where information from a confidential informant had been provided of activity which had occurred months prior to the issuance of the warrant.  The Court stated:

> Garcia–Hernandez contends that the information provided in the supporting affidavit was stale and could not be relied on to support a finding of probable cause. While the confidential informant's statements described drug transactions at Garcia–Hernandez's home which had taken place a number of months before the warrant application was made, surveillance in the weeks leading up to the warrant's issuance showed continuing activity at the residence which was consistent with the informant's statements. Because the affidavit "describes a continuing pattern of behavior," and the older information corroborated more current reports linking the address to illegal activity, the affidavit was not stale "when taken as a whole."

*United States v. Garcia-Hernandez*, 682 F.3d 767, 771-72 (8th Cir. 2012)(citations omitted)

However, it is important to note in *Garcia-Hernandez*, law enforcement actually had significant recent information corroborating the stale information.  Specifically:

> [V]ehicles belonging to Garcia–Hernandez were seen coming and going from residences associated with drug distribution, and cars of known drug dealers were seen coming and going from Garcia–Hernandez's house. On multiple occasions video surveillance showed people carrying coolers into and out of Garcia–Hernandez's house and in vehicles registered to known drug dealers. The affidavit indicated that police had learned that coolers were often used to complete methamphetamine transactions. Cell phone records showed that during a period of less than one year more than 1,000 calls were made between numbers belonging to Garcia–Hernandez and numbers of known drug dealers.

*Garcia-Hernandez*, 682 F.3d 767, 771 (8th Cir. 2012)

In the instant case, there was no such corroborative investigation by law enforcement.

**(B)    Confidential Informants**

Assuming for the sake of argument that the information provided by the confidential

informants was not stale, the information included in the affidavit and application was insufficient to establish the reliability of either CI #1 or CI # 2.

        **(1)**    **CI #1**

The affidavit and application states the following in regard to this source: "Confidential informant #1 (CI#1) who has been found to be reliable and has provided information leading to one felony arrest, indicated CI #1 has smoked marijuana with both Davis and Dorsey at 2841 P Street #1.  CI #1 has also observed people obtain powder cocaine from both Dorsey and Davis.  CI #1 stated all this occurred between July-November 2011."

        **(2)**    **CI #2**

The affidavit and application states the following in regard to this source: "Confidential Informant #2 (CI #2), who has provided information which was independently corroborated, stated CI sold Brandon Davis multiple ounces of powder cocaine from summer 2011 to November 2011."

        **(3)**    **Argument**

The affiant officer relied on information from allegedly reliable informants.  This reliability is purported to be the result of a previous arrest based on information given by CI #1 and allegation of corroboration of information supplied by CI #2.  However, there is nothing on the face of the affidavit stating that any of the previous information provided resulted in actual convictions of the individual arrested or if any of that information leading to the other arrest was recent.  Davis submits that information leading to an arrest is not, by itself, sufficient enough to conclude that any given informant is reliable *per se* as to CI #1.  Further, the lack of specificity as to what or when any information given by CI#2 was corroborated and whether it was in relation to a previous case or the instant case fails to establish the reliability of CI#2 in any real way.

"Corroboration of the [confidential informant's] information by independent investigation is an important factor in the calculus of probable cause." *United States v. LaMorie*, 100 F.3d 547 at 553 (8th Cir. 1996).  In the instant case there was no actual evidence of controlled substances provided by either of the the CIs such as physical evidence from controlled buys or controlled substances removed from the home by the confidential informant.  The bulk of the information related to what they allegedly saw in the residence over the course of a few months.  None of the information was corroborated in any real way outside of taking each of the CI's "word" for its truth.  This information is insufficient to support a search warrant for the home itself.

Although the Eighth Circuit has stated in *United States v. Formaro*, 152 F.3d 768 (8th Cir. 2001) that the information provided by a reliable confidential informant may be sufficient to support a finding of probable cause, the Court also looks at the level of corroboration conducted by law enforcement in determining probable cause. There is no indication on the face of the affidavit and application which would allow the Court to determine that any significant corroborative investigation was conducted by law enforcement in this case.

In *United States v. Hartje*, 251 F.3d 771 (8th Cir. 2001) a challenge was made to a finding of probable cause to support a search warrant.  There the Court of Appeals found that there was sufficient grounds as (1) the affidavit outlined the facts of the results of the prior search of the residence, (2) Hartje had been seen purchasing items used in the manufacture of methamphetamine, and (3) a reliable informant had reported the recent distribution of methamphetamine at Hartje's residence.  Thus in *Hartje*, unlike the instant case, there was sufficient corroboration of suspected criminal activity to help support the finding of probable cause.

In *United States v. Reinholz*, 245 F.3d 765 (8th Cir. 2001) the Eight Circuit Court of

7

Appeals, in addressing a *Franks* issue, stated that in the context of determining whether an informant is reliable, the use of the term reliable implies that [the] source had knowledge of [the defendant's] drug activities and that independent police investigation corroborated the informant's declarations. *Reinholz*, 245 F.3d at 774. This is crucial as it shows a requirement of more than mere recitation of previous experience with an informant to establish reliability- there must be some corroboration of the claims of criminal activity.

Davis submits that the affidavit and application does not sufficiently set out the reliability of the confidential informants, and as such does not provide a basis on which to issue a search warrant.

### (C)    Probable Cause

In looking at the affidavit and application as a whole, there are only three factual allegations that are recent in time.  Davis submits this information, with or without consideration of the stale information, and with or without the unreliable statements of the CIs is insufficient to support a finding of probable cause.

### (a)    April 1, 2012 Call for Service, Daniel Kaar and Surveillance on May 18, 2012

First, the application sets forth that on April 1, 2012 a "dispatched call for service" indicates officers were sent to the area of 2841 P Street a lot of vehicles being in the area, picking up drugs and being very loud.  There is no further information regarding this call. Specifically the affiant does not state if the call was corroborated by arrests of individuals at the area of 2841 P Street or other investigation of the complaint by trained law enforcement leading to a reasonable probability that those alleged activities were, in fact, occurring.

The affiant also relies on the stop and search of Daniel Kaar's vehicle on May 18, 2012 after Kaar left the area of 2841 P St in Lincoln. (Affidavit and Application pp. 3-4)  Kaar

8

consented to a search of his vehicle which disclosed the presence of a 2 inch by 2 inch plastic baggie containing a substance which field tested positive for cocaine.  There is no allegation that Kaar admitted that the cocaine was either his or that he had purchased/received it from either Davis or Dorsey.  There is no allegation that the affiant knew that prior to Kaar's arrival and departure from the 2841 P St area that Kaar was not in possession of that cocaine.  In fact, there is nothing in this allegation intended to support probable cause for the warrant that establishes a reasonable probability that Kaar obtained the cocaine found in the vehicle from Davis or Dorsey.

Finally, the affiant alleges that on May 18, 2012 officers conducting surveillance saw "approximately" 5 other individuals arrive and stay for short periods of time at the 2841 P Street location.  No traffic stops were conducted on these individuals and there is no specific allegation that these individuals were either known drug users, drug traffickers or any other information to support the conclusion, other than staying for short periods of time, that their presence at the residence was related to the distribution of controlled substances.

**(D)   Conclusion**

For the foregoing reasons, Davis submits that there was insufficient probable cause for the warrant to issue in this case.  Further, based on the foregoing, the 'good faith" exception of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) does not apply because there was no reasonable basis for officers to believe the warrant was valid as: (1) the issuing judge failed to act in a neutral and detached manner and/or (2) the warrant was so lacking in indicia of probable cause as to render official belief in it's existence entirely unreasonable, and/or (3) the warrant was so facially invalid that no reasonable officer could believe it to be valid.

9

BRANDON DAVIS, Defendant.

BY:   /s/ Jerry M. Hug
#21015
1823 Harney Street, Suite 1004
Omaha, NE 68102
(402) 346-1733

CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2012 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Sara Fullerton, Assistant United States Attorney.

/s/ Jerry M. Hug

10