IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CR3072 |
| | ) | |
| v. | ) | BRIEF IN OPPOSITION TO |
| | ) | MOTION TO SUPPRESS |
| BRANDON TERRELL DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Brandon Davis, (hereinafter: Davis), has filed a motion to suppress evidence seized at 2841 "P" Apt. #1 during the execution of a search warrant. (Filing 27). He claims probable cause did not exist for issuance of the search warrant for that address. (Filings 27, 33). Copies of the affidavit, search warrant and return have been filed with an index. (Filing #36,1-3). The government respectfully requests that this Court take judicial notice of these documents in determining this matter.

The government believes that Davis's motion is without merit and should be summarily denied. His claims are as follows: (1) the information was stale; (2) the of the confidential informants were not sufficiently reliable; (3) there was insufficient probable cause for issuance of the warrant; and (4) law enforcement officers were not entitled to rely on the warrant. All these claims are refuted by the information contained within the affidavit for the search warrant. (Filing #36-1).

1

### 1.  The information in the affidavit showed on-going drug activity.

Davis claims the information contained in the affidavit for the search warrant was stale, because "the majority of these allegations involve facts occurring prior to November of 2011-six months prior to the application for and issuance of the search warrant." (Filing #33, p. 4). However, information contained within the affidavit indicated that persons continued to be involved in drug distribution activities at that location after November of 2011 up to the execution of the search warrant on May 18, 2012.

In April of 2012, officers were detailed to 2841 "P" on a citizen complaint regarding "a lot of vehicles being in the area picking up drugs and being very loud." (Filing 36-1 at p. 3).  Over the two weeks prior to the issuance of the search warrant, surveillance officers had observed Davis using the back door of the building to come and go from that building on two separate occasions.  Officers were aware that the back door of that building accessed only Apartment #1.  (Filing 36-1 at p. 1-2).

On May 18, 2012, the day the warrant was executed, officers saw Daniel Kaar enter 2841 "P" Street through the back door and come back out again.  Kaar was contacted a few minutes later on a traffic stop and was found in possession of a baggie containing a substance which pretested positive for cocaine. (Filing 36-1 at

p. 3-4). After the stop of Kaar, while the search warrant affidavit and search warrant were being prepared, surveillance officers saw approximately five persons having short-term contact at 2841 "P" #1. (Filing 36-1 at p. 4).

This nature of this information was consistent with the older information in the affidavit which included reports from two confidential informants regarding the sale of cocaine at 2841 "P" #1 between the summer of 2011 and November of 2011. One of the informants also reported the use of marijuana at that residence during that time period. (Filing 36-1 at p. 3). Concerned citizens had also reported a large amount of short-term traffic at that residence. (Filing 36-1 at p. 1-3). On two occasions in the fall of 2011, Lincoln Police Officers responded to complaints of narcotics related activity at that residence and reported smelling the odor of burning marijuana. On one of those occasions, the officer also saw a marijuana "bong" in the residence and was told by Davis that "unknown" persons had been smoking marijuana in his residence. (Filing 36-1 at p. 2-3). Therefore, the information in the affidavit indicated that drug activity was on-going, and the information contained in the affidavit was not stale.

The Eighth Circuit has noted that in an on-going drug investigation, information may be useful for lengthy periods of time.

> "Probable cause must exist when a warrant is issued, not merely at some earlier time, but there is no bright-line test for determining when

3

> information is stale...." *Id.* (internal quotation, alteration, and citation omitted); see also *United States v. Caswell*, 436 F.3d 894, 898 (8th Cir.2006) (holding that "[a] time lapse between the informant's disclosure and the search warrant's execution does not necessarily make probable cause fatally stale") (internal quotations and citation omitted). Furthermore, "[t]ime factors must be examined in the context of a specific case and the nature of the crime under investigation." *Caswell*, 436 F.3d at 898 (internal quotations and citation omitted). " '[W]here continuing criminal activity is suspected, the passage of time is less significant.' " *Jeanetta*, 533 F.3d at 655 (quoting *United States v. Formaro*, 152 F.3d 768, 771 (8th Cir.1998)). "In investigations of ongoing narcotics operations, intervals of weeks or months between the last described act and the application for a warrant does not necessarily make the information stale." *Id.* (internal quotations, alterations, and citations omitted); see also *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir.1993) (finding that " '[w]ith respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity.' ") (quoting *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986)).

*United States v. Morrison*, 594 F.3d 626, 631 (8th Cir. 2010).

> Regarding the information presented to the magistrate judge, it is material that "the facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search and not simply as of some time in the past." *United States v. Wagner*, 989 F.2d 69, 75 (2d Cir.1993). While some of the information provided in the warrant affidavit was more than two years old, there was also information as recent as five days prior to the warrant application. In short, the affidavit describes a continuing pattern of behavior, and when taken as a whole, the information is not stale.

*United States v. Palega*, 556 F.3d 709, 715 (8th Cir. 2009).

In *United States v. Garcia-Hernandez*, 682 F.3d 767 (8th Cir. 2012), the Eighth Circuit Court of Appeals found that a search warrant affidavit was not stale which was executed in May of 2010, despite the fact that the last of the transactions

4

described by a confidential informant had occurred in the fall of 2009, a period of time similar to the one at issue in this case. *Id.* at 769-770. Citing *Palega*, the Eighth Circuit found there was probable cause to believe the activity was on-going based on information obtained from surveillance.

> While the confidential informant's statements described drug transactions at Garcia–Hernandez's home which had taken place a number of months before the warrant application was made, surveillance in the weeks leading up to the warrant's issuance showed continuing activity at the residence which was consistent with the informant's statements. Because the affidavit "describes a continuing pattern of behavior," and the older information corroborated more current reports linking the address to illegal activity, the affidavit was not stale "when taken as a whole." *United States v. Palega*, 556 F.3d 709, 715 (8th Cir.2009).

*Garcia-Hernandez*, 682 F.3d at 771-772.

In this case, the information from surveillance and concerned citizen reports established a likelihood that drug activity was on-going and continuous. Therefore, the affidavit was not stale, and the motion to suppress should be denied.

### 2. Information provided by confidential informants was sufficiently reliable.

Davis also claims the information provided by the two confidential informants was not sufficiently corroborated, and therefore, the search warrant should not have been issued. (Filing #33, p. 5-8). However, the informants corroborated each other with respect to their descriptions of cocaine distribution and the period of time, summer to November of 2011, in which both informants'

5

observations were made.

In *United States v. Buchanan,* 574 F.3d 554 (8th Cir. 2009), the Eighth Circuit Court of Appeals stated corroborating information from other sources, including other informants, was a factor to consider in determining whether an informant should be deemed reliable.

> An informant may also be considered reliable if the information he or she supplies "is at least partially corroborated" by other sources. *Humphreys*, 982 F.2d at 259; see also *Williams*, 10 F.3d at 593 ("If information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable."); cf. *United States v. Wells*, 223 F.3d 835, 839-40 (8th Cir.2000) (holding that without "suitable corroboration," information from a single anonymous caller was insufficient to be reliable and establish probable cause). Probable cause can be established when information from one informant is consistent with that of a second, independent informant. See, e.g., *United States v. Fulgham*, 143 F.3d 399, 401 (8th Cir.1998) (holding that an informant's information was corroborated and reliable when a second informant supplemented the information with "specific, consistent details"); see also *United States v. Reivich*, 793 F.2d 957, 960 (8th Cir.1986) (discouraging the technical dissection of tips for corroboration and noting the enhanced reliability of independently consistent stories). "Even the corroboration of minor, innocent details can suffice to establish probable cause." *Tyler*, 238 F.3d at 1039 (quotation and citation omitted).

*Id.* at 562.

Reports from the informants regarding Davis's and Dorsey's involvement in drug distribution were also corroborated by Davis's and Dorsey's prior convictions for drug offenses related to cocaine and marijuana.  (Filing 36-1 at p. 4-5).  Prior drug convictions have been recognized by the Eighth Circuit Court of Appeals as a

factor which may be considered as corroborative of an informant's report of drug involvement.

> The affidavit in this case explained that the informant previously had provided information to law enforcement agencies that led to the arrest and conviction of numerous felony narcotics violators. The affiant stated that the informant had furnished information that was proven to be true and correct through independent corroboration. With respect to the information provided by the informant about Vinson, the deputy sheriff investigated post office and utility records to confirm that Vinson lived at the home identified by the informant, and confirmed that a car identified by the informant had been parked in front of the home on several occasions. The affiant also checked Vinson's criminal history, and discovered that he had sustained two prior convictions for drug offenses. This track record and corroboration is sufficient to establish the informant's reliability, and the facts contained in the warrant application—that the informant observed Vinson possessing and selling cocaine at his residence on "numerous occasions over the past 30 days"—were more than sufficient to establish probable cause.

*United States v. Vinson*, 414 F.3d 924, 930 (8th Cir. 2005).

As in *Vinson*, in addition to the prior convictions, the informants' information was also corroborated by other sources. Law enforcement contacts at 2841 "P" #1 and surveillance on that residence confirmed that Davis and Dorsey lived there. (Filing 36-1 at p. 1-4). Concerned citizens reported, and law enforcement officers observed short-term traffic at the residence. (Filing 36-1 at p. 1-4). Daniel Kaar was found in possession of suspected cocaine after going into and coming out of the residence. (Filing 36-1 at p. 3-4).

Therefore, the information provided by the confidential informants was sufficiently corroborated and was properly considered in determining that probable

cause existed for the issuance of the search warrant. As a result, the motion to suppress should be denied.

### 3. There was sufficient probable cause to suspect that evidence of narcotics dealing would be found at 2841 "P" #1.

The Eighth Circuit Court of Appeals has established the standard for determining whether probable cause exists to search a particular location.

> "If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established." *Grant*, 490 F.3d at 631, citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (internal quotation marks omitted). "Whether probable cause to issue a search warrant has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge should be paid great deference by reviewing courts." *Grant*, 490 F.3d at 632. "Where there is no evidentiary hearing before the magistrate judge, the probable cause determination must be based upon 'only that information which is found within the four corners of the affidavit.' " *United States v. Olvey*, 437 F.3d 804, 807 (8th Cir.2006). The affidavit for a search warrant should be examined using a common sense approach, and not a hypertechnical one. *Grant*, 490 F.3d at 632.

*United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008).

> "Probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place, given the circumstances set forth in the affidavit." *Id*. (quoting *United States v. Horn*, 187 F.3d 781, 785 (8th Cir.1999)). Probable cause is a fluid concept that focuses on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (internal quotation omitted). Determining whether probable cause exists requires a commonsense analysis of the facts available to the judicial officer who issued the warrant. *See id*. at 230, 238, 103 S.Ct. 2317. We accord great deference to the judicial officer's initial, on-

the-scene determination that probable cause has been established. *United States v. Maxim*, 55 F.3d 394, 397 (8th Cir.1995).

*United States v Colbert.* 605 F.3d 573, 576 (8th Cir. 2010).

In this case, the warrant affidavit establishes that over a period of months from the summer of 2011 until May of 2012, there was activity at 2841 "P" #1 which was consistent with the possession and distribution of drugs. Two confidential informants reported that Davis and others were involved in the distribution of cocaine from the residence at 2841 "P" #1, and one informant reported that marijuana was being used inside that residence. Concerned citizens reported a significant amount of short-term traffic, often at late hours, at the residence. Police officers smelled the odor of burning marijuana at the residence. On one occasion, and officer observed a "bong," and Davis admitted that marijuana had been used in the residence. Surveillance officers saw Davis coming and going from the residence and saw him Davis using the back door of the building which accessed only Apartment #1. On the day the warrant was issued, Daniel Kaar was found in possession of a substance which pretested positive for cocaine after making contact at that residence. After the stop of Kaar, officers observed at least five other persons make short-term contacts at the residence. (Filing 36-1 at p. 1-4).

Both Davis and Dorsey, the known residents of 2841 "P" #1, had past

9

contacts and convictions related to controlled substances, specifically cocaine and marijuana, the drugs mentioned by the confidential informants. (Filing 36-1 at p. 4-5). *See, Vinson*, 414 F.3d at 930. *See also, United States v. Hessman*, 369 F.3d 1016, 1023 (8th Cir. 2004) (deputy's knowledge of defendant's prior drug convictions contributed to finding of probable cause).

This information, taken as a whole, established sufficient probable cause to believe narcotics evidence would be found at 2841 "P" #1, and therefore, the motion to suppress should be denied.

### 4. Law enforcement officers were entitled to rely on the warrant.

Even if there was not probable cause to justify issuing the warrant for 2841 "P" #1 (a fact that the government does not concede), law enforcement officers were justified in relying on the warrant under the circumstances of this case.

> "However, before reviewing the existence of probable cause, we may consider the applicability of the good-faith exception to the exclusionary rule...." *United States v. Proell,* 485 F. 3d 427, 430 ( 8th Cir. 2007). Under the good-faith exception, evidence seized pursuant to a search warrant that lacked probable cause is admissible if the executing officer's good-faith reliance on the warrant is objectively reasonable. *Id.* "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [ issuing judge's] authorization." *Id.* (internal quotation omitted) (alteration in original). "When assessing the objective [ reasonableness] of police officers executing a warrant, we must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." *Id.* at 431 (quotation omitted) (alteration in original).
>
> "In the ordinary case, an officer cannot be expected to question the

magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Leon,* 468 U.S. at 921, 104 S.Ct. 3405. However,

> *Leon* identified four situations in which an officer's reliance on a warrant would be unreasonable: (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable;* and (4) when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid.

*Proell*, 485 F.3d at 431(internal quotations omitted).

*United States v. Perry,* 561 F.3d 662, 665 (8th Cir. 2008)(emphasis in original).

Davis has not alleged any facts which would support a finding that any of the four situations exist which would negate an officer's ability to rely on a warrant. He has not alleged that any false statements were made. His bare allegation that "the issuing judge failed to act in a neutral and detached manner," does not justify a finding that rule of *Leon* should not apply. (Filing 33 at p. 9).

With respect to the existence of a sufficient showing of probable cause in the affidavit, the information was not stale. The information provided by the confidential informants was corroborated by information from other sources. Both residents of the apartment had prior convictions related to. Reports from concerned citizens, information gained from police officer contacts at the residence, and activity observed during surveillance indicated the likelihood that persons in the residence

were involved in the use and distribution of drugs. On the day the warrant was issued, a person was found in possession of a substance that pretested positive for cocaine after leaving the residence, and officers observed continued short-term traffic with the residence after that individual was stopped. As a result, the affidavit was not so lacking in probable cause that a reasonable officer would not rely on it. Although Davis alleges the warrant was facially invalid, he has failed to note any specific errors or defects in the warrant. (Filing 33 at p. 9).

Therefore, even if this Court were to determine that probable cause to issue the search warrant did not exist, law enforcement officers were entitled to rely on the warrant under *Leon*. For this reason, as well as the reasons cited in the previous sections, Davis's motion should be denied.

## Conclusion

The affidavit set forth sufficient facts to justify a finding of probable cause for the search of 2841 "P" #1. There was sufficient information to establish " af fair probability" that drugs and/or evidence of drug distribution would be found at that residence. *Hudspeth*, 525 F.3d at 674, and *Colbert*. 605 F.3d at 576. The information in the affidavit was not stale. Information provided by the confidential informants was sufficiently corroborated by information from other sources. The information in the affidavit, under the totality of the circumstances, established probable cause for the issuance of the search warrant.

Even if probable cause was lacking, law enforcement officers reasonably relied on the warrant. Therefore, the United States respectfully submits that Davis's motion to suppress should be denied.

        Respectfully submitted,

        UNITED STATES OF AMERICA

By:   DEBORAH R. GILG
       United States Attorney
       District of Nebraska


And:   s/Sara E. Fullerton
        SARA E. FULLERTON #18314
        Assistant United States Attorney
        487 Federal Building
        100 Centennial Mall North
        Lincoln, Nebraska 68508
        Telephone: (402) 437-5241

## CERTIFICATE OF SERVICE

I, Sara E. Fullerton, hereby certify that on September 11, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jerry M. Hug, Esq.

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

        s/Sara E. Fullerton
        SARA E. FULLERTON
        Assistant United States Attorney