IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BRANDON TERRELL DAVIS<br><br>　　　　　　Defendant. | 4:12CR3072<br><br>FINDINGS AND<br>RECOMMENDATION |

　　　　On May 18, 2012, Lincoln Police Investigator Jeff Sorenson prepared and submitted a warrant application to search defendant's residence at 2841 P Street #1, in Lincoln, Lancaster County, Nebraska. Lancaster County Court Judge Laurie Yardley issued the requested warrant, and Lincoln Police officers executed the warrant on May 19, 2012.  The defendant now moves to suppress all evidence seized during the search.  Filing No. 27.

　　　　The defendant claims the evidence found during the search must be suppressed because:

　　1)　　The information within the warrant application was stale.

　　2)　　The warrant application lacked sufficient information to establish the reliability of the confidential informants referenced in the application.

　　3)　　The warrant application lacks sufficient information to support a finding of probable cause; and

　　4)　　A reasonable officer would not have concluded the warrant was valid in that:

　　　　　　(1) the issuing judge failed to act in a neutral and detached manner and/or (2) the warrant was so lacking in indicia of probable cause as to render official belief in it's existence entirely unreasonable, and/or (3) the warrant was so facially invalid that no reasonable officer could believe it to be valid.

Filing No. 33 at CM/ECF p. 9.  The warrant application and warrant were filed for the court's review. Filing No. 36.  After reviewing these documents, for the reasons stated below, the defendant's motion to suppress should be denied without a hearing.

## STATEMENT OF FACTS

The defendant is challenging the sufficiency of the application used to obtain a search warrant authorizing and ordering the search of his home. The following summarizes the facts within the warrant application.

The affiant officer, Jeff Sorenson, has been an officer for the Lincoln, Nebraska Police Department for seven years, and is assigned to the Lincoln/Lancaster County Narcotics Task Force. He has received training on investigation of drug-related crimes from the Lincoln/Lancaster County Narcotics Task Force, the Drug Enforcement Administration, and the Midwest Counterdrug Training Center.

Dating back to mid-October, 2011, the Lincoln Police Department was receiving complaints and investigating suspected drug activity at 2841 P Street #1. Specifically,

- On October 16, 2011, Lincoln Police Officer Nolan investigated the residence at 2841 P Street #1, and reported smelling a strong odor of marijuana coming from the residence and seeing a 'bong' sitting on the floor of the apartment.

- Three weeks later, on November 5, 2011, Lincoln Police Officer Luce went to 2841 P Street #1 and noticed the odor of marijuana emanating from the residence.

Based on the records and investigations of the Lincoln Police Department, law enforcement determined Lafayette Byron Dorsey and Brandon Terrell Davis resided at 2841 P Street #1. Officers saw Dorsey and Davis arriving at and leaving 2841 P Street #1 during the months of surveillance prior to submitting the warrant application. Both Dorsey and Davis have a significant history of drug-related criminal activity.

Citizens complained of suspected drug activity in the neighborhood of 2841 P Street #1.

- In November 2011, a neighbor reported observing short term traffic at 2841 P Street #1 during the evening and early morning hours, particularly on Friday and Saturday nights.

- Lincoln Police Captain Peterson received information from a citizen who reported observing defendant Dorsey using and selling narcotics from 2841 P Street #1, smelling the odor of marijuana in the apartment building, and noticing short term traffic and noise nearly every night, especially on the weekends between 2:00 and 4:30 a.m., with visitors parking a distance from the residence and approaching the back door of 2841 P Street, which provides access to only Dorsey's apartment.

- Entries with the Lincoln Police Department records management system revealed a complaint and request that officers investigate the "in and out" traffic at 2841 P Street #1.

Confidential informants implicated Lafayette Dorsey or Brandon Davis, or both in the use and sale of marijuana and powder cocaine.

- Confidential Informant #1, who provided reliable assistance in the past, including information leading to a felony arrest, reported smoking marijuana with both Davis and Dorsey at 2841 P Street #1, and seeing people obtain powder cocaine from both Dorsey and Davis between July and November 2011.

- Confidential Informant #2, who had provided independently corroborated information in the past, stated he/she sold multiple ounces of powder cocaine to Davis from the summer of 2011 until November 2011.

The Lincoln Police investigation continued during 2012, including on the day the warrant application was submitted.

- On April 1, 2012, officers were detailed to the area of 2841 P Street to investigate a complaint of noise and many vehicles in the area picking up drugs.

3

- On May 18, 2012, the affiant officer and Investigator Mayo, a Deputy with the Lincoln/Lancaster County Narcotics Unit, saw Daniel Kaar arrive at 2841 P Street, approach the back door leading to apartment 1, and leave a short time later. The officers stopped Kaar's vehicle a short time later, conducted a consent search, and found an empty cigarette box containing a 2-inch by 2-inch yellow bag containing a white powdery substance which tested positive for cocaine.

- While the search warrant was being prepared, a surveillance team watching 2841 P Street #1 saw five additional parties arrive and stay at the residence for only short periods of time.

The warrant application requested authority to search the premises at 2841 P Street #1, in Lincoln, Lancaster County, Nebraska for evidence indicative of drug-related criminal activity. A county court judge issued the warrant.

## ANALYSIS

The court reviews the totality of the circumstances when determining whether probable cause exists to support a search warrant. U.S. v. Seidel, 677 F.3d 334, 337 (8th Cir. 2012).

> A warrant is supported by probable cause if there is a fair probability that contraband or evidence of a crime will be found in the place to be searched.. . . We assess probable cause from the viewpoint of a reasonably prudent police officer acting in the circumstances of the particular case. . . .Probable cause is a practical, factual, and nontechnical concept, dealing with probabilities.. . .The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit.

Id. (internal citations and quotation marks omitted).

4

1. <u>Staleness</u>.

The defendant claims the warrant information was stale, arguing "[t]he majority of [the warrant application] allegations involve facts occurring prior to November of 2011- six months prior to the application for and issuance of the search warrant." Filing No. 33, at CM/ECF p. 4.

> There is no fixed formula for determining when information has become stale. . . . The timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation. . . .In investigations of ongoing narcotic operations, intervals of weeks or months between the last described act and the application for a warrant does not necessarily make the information stale. . . .

U.S. v. Smith, 266 F.3d 902, 904 -905 (8th Cir. 2001).

Law enforcement officers had informant information indicating the defendant was engaged in illegal drug activity during the summer and fall of 2011, and they had probable cause to arrest the defendant when they smelled marijuana and saw drug paraphernalia within his apartment in October of 2011. But the law does not require officers to initiate an arrest when they first have a basis to do so. They may choose to monitor a situation and further investigate, particularly when, based on their education and experience, they believe the magnitude of defendant's criminal activity exceeds their current basis for arrest.

Based on the information in the warrant application, the Lincoln Police Department conducted surveillance of the defendant's apartment. On the date the warrant application was submitted, the affiant officer observed Daniel Kaar go to the defendant's apartment and leave a very short period of time later, and upon stopping and searching Kaar's vehicle, found cocaine. And even while the warrant application itself was being drafted, surveillance officers noticed five additional incidents of short-term traffic at the residence. Considered in the context of the other information within the warrant application, there was a substantial reason to believe the drug-related activity observed in October 2011 remained

5

ongoing as of May 18, 2012, when the application was drafted and submitted. The search warrant was not based on stale information. U.S. v. Garcia-Hernandez, 682 F.3d 767, 772 (8th Cir. 2012)("Because the affidavit 'describes a continuing pattern of behavior,' and the older information corroborated more current reports linking the address to illegal activity, the affidavit was not stale 'when taken as a whole.'")

    2.    <u>Confidential Informants</u>.

The defendant argues "the information included in the affidavit and application was insufficient to establish the reliability of either CI #1 or CI # 2." Specifically, as to CI #1, he asserts the application information does not state whether "any of the previous information provided [by CI #1] resulted in actual convictions of the individual arrested or if any of that information leading to the other arrest was recent," and as to CI #2, he claims "the lack of specificity as to what or when any information given by CI #2 was corroborated and whether it was in relation to a previous case or the instant case fails to establish the reliability of CI #2 in any real way." Filing No. 33, at CM/ECF p. 6.

Information from confidential informants may be considered "sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence," (U.S. v. Fulgham, 143 F.3d 399, 401 (8th Cir. 1998)), and informant tips may be "reciprocally corroborative, rendering their information enough to support a finding of probable cause." Id.

The confidential informants both stated the defendant was selling cocaine, and confidential informant #1 stated he smoked marijuana with the defendant. The affiant officer's warrant application states these two confidential informants had provided reliable information in the past. Even assuming, as defendant argues, that the officer's reliability attestation within the affidavit was vague, conclusory, and useless in assessing the reliability

6

of CI #1 and CI #2, the informant statements were cross-corroborated, and were corroborated by additional law enforcement investigation and observations and by citizen complaints. Specifically, law enforcement officers confirmed that the defendant lived at 2841 P Street #1 as stated by the informants; two separate officers noticed the strong odor of marijuana emanating from defendant's residence on two separate occasions; private citizens reported frequent short-term traffic (in the evening and early morning hours) indicative of drug distribution activity; law enforcement surveillance confirmed these citizen reports of short-term traffic; Davis and Dorsey (the co-defendant herein) both have criminal histories of drug-related crimes; and cocaine was found in a vehicle searched following its brief stop at the defendant's apartment. The information provided by the confidential informants was corroborated and reliable in assessing probable cause. Fulgham, 143 F.3d at 401 (holding that information provided by two confidential informants, who had allegedly observed a man named "Tony" selling cocaine from a particular residence, was sufficiently where one informant had provided reliable information in the past, the two tips were reciprocally corroborative, and both were corroborated by police report indicating that man named "Tony" lived at the residence).

  3. <u>Probable Cause</u>.

The defendant argues:

> In looking at the affidavit and application as a whole, there are only three factual allegations that are recent in time. Davis submits this information, with or without consideration of the stale information, and with or without the unreliable statements of the CIs is insufficient to support a finding of probable cause.

Filing No. 33, at CM/ECF p. 8.

As previously explained, the information officers received regarding drug activity during the summer and fall of 2011 was not stale—the officers were investigating evidence of ongoing criminal drug activity that continued even while the warrant application was being drafted. And the information from the confidential informants was corroborated

through cross-corroboration, citizen complaints, and independent law enforcement investigation.

The defendant argues that the citizen complaint in April of 2012 should be ignored because "the affiant does not state if the call was corroborated by arrests of individuals at the area of 2841 P Street or other investigation of the complaint by trained law enforcement leading to a reasonable probability that those alleged activities were, in fact, occurring." Filing No. 33, at CM/ECF p. 8. He claims the cocaine found in Kaar's vehicle is not probative because Kaar never admitted he bought the cocaine from the defendants and the affiant cannot state whether Kaar possessed the cocaine before he arrived at the defendant's house. Id. Finally, he claims observing five incidents of short-tern traffic while seeking a warrant is not probative because the officers did not stop any of the vehicles to determine if the occupants were known drug users and drug traffickers or were in possession of controlled substances.

The defendant's argument relies on parsing individual facts and deciding whether each fact, standing alone, establishes probable cause. That is not the standard the court applies in assessing a warrant application. Rather, the court must consider the totality of all the information and determine whether, considered collectively, there was reason to believe evidence of criminal activity would be found during a search of the residence at 2841 P Street #1. Upon consideration of the entire warrant application, there was a substantial showing of probable cause sufficient to support issuance of a search warrant. See, e.g., U.S. v. Boyd, 696 F.2d 63, 64 (8th Cir. 1982) (finding probable cause to issue a warrant where an informant stated a defendant was engaging in drug traffic and kept cocaine and heroin at his home; the informant had proved himself reliable in the past; police surveillance confirmed the defendant was associated with the described residence; the defendant was a reputed drug dealer who was associating with another reputed drug dealer; officers observed short-term traffic at the house; and a confidential informant stated he was at the residence recently and purchased cocaine).

4.     Leon Good Faith.

The defendant argues the officers cannot assert they relied on the warrant in good faith.  See United States v. Leon, 468 U.S. 897 (1984)).   Under the Leon Good faith exception, even assuming probable cause to issue a warrant was lacking:

> [A] police officer cannot be expected to question a judge's probable cause determination. Suppression is an appropriate remedy if the judge, in issuing the warrant, was misled by information in the affidavit that the affiant knew or would have known it was false except for the affiant's reckless disregard for the truth.  Evidence should be suppressed only if the affiant-officer could not have harbored an objectively reasonable belief in the existence of probable cause.

U.S. v. Gibson, 928 F.2d 250, 253 -254 (8th Cir. 1991).

The defendant claims the Leon exception does not apply because the issuing judge did not act in a neutral and detached manner.  Filing No. 33 at CM/ECF p. 9.   The defendant offers no evidence in support of this accusation.

The defendant further argues "the warrant was so lacking in indicia of probable cause as to render official belief in it's existence entirely unreasonable," and "the warrant was so facially invalid that no reasonable officer could believe it to be valid."  Filing No. 33 at CM/ECF p. 9. As previously discussed, these arguments are incorrect:  The warrant application supported a finding of probable cause to search the defendant's home for evidence of criminal activity.

The defendant has offered no evidence that the information within the affidavit was untrue or that any material information was concealed from the issuing judge.  Accordingly, even assuming the warrant application lacked a sufficient showing of probable cause, the searching officers were entitled to rely on a judge's determination that probable cause did exist, and the evidence found based on the warrant should not be suppressed.

9

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress and request for an evidentiary hearing filed by Brandon Terrell Davis, (filing no. [27](#)), be denied in all respects.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 21st day of September, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.