IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12CR3072 |
| vs. | |
| BRANDON TERRELL DAVIS, and LAFAYETTE BYRON DORSEY, | PRELIMINARY ORDER OF FORFEITURE |
| Defendants. | |

This matter is before the Court on the United States' motion for issuance of a preliminary order of forfeiture (filing 65). The Court has reviewed the record in this case and finds as follows:

1. The defendants have pleaded guilty to Count I and the Forfeiture Allegation of the Indictment (filing 1). Count I charged the defendants with conspiracy to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841 and 846. The Forfeiture Allegation sought the forfeiture, pursuant to 21 U.S.C. § 853, of $2,767.00 in United States currency as money used or intended to be used to facilitate the violation of Count I, or as proceeds of the offense.

2. By virtue of their pleas of guilty, the defendants forfeit their interest in the property described above, and the United States should be entitled to possession of such property, pursuant to 21 U.S.C. § 853.

3. The United States' motion for issuance of a preliminary order of forfeiture should be granted.

Accordingly,

IT IS ORDERED:

1. The United States' motion for issuance of a preliminary order of forfeiture (filing 65) is granted.

2. Based upon the Forfeiture Allegation of the Indictment and the defendants' pleas of guilty, the United States is hereby authorized to seize $2,767.00 in United States currency.

3. The defendants' interest in said property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property described above is to be held by the United States in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish for at least 30 consecutive days on an official Government internet site, www.forfeiture.gov, the following: notice of this Order; notice of publication evidencing the United States' intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendants, having or claiming a legal interest in any of the subject property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Said published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 10th day of December, 2012.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge